# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| CORLEY BYERS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:06-758-CMC-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| TOWN OF BATESBURG- ) | |
| LEESVILLE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.. Plaintiff alleges that he was discriminated against by the Defendant on the basis of his race. A scheduling order was entered by the Court on May 18, 2006, setting a discovery deadline of September 14, 2006.

On September 25, 2006, the Defendant filed a motion to dismiss for lack of prosecution. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 26, 2006, advising Plaintiff of the importance of a dispositive motion of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff failed to file any response to the Defendant's motion, which is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



In its motion, Defendant seeks dismissal on the ground of failure to prosecute, and sets forth the following representation:

> Since filing his Complaint, the Plaintiff has not made an appearance to file any new materials, has not requested discovery of the Defendant, has not named experts, and has not named any records custodians. In addition, Plaintiff's deposition was noticed and scheduled for September 25, 2006 at 1:00, p.m. at the offices of Defendant's counsel....Plaintiff failed to appear. No communication was received from Plaintiff to explain his failure to appear. In fact, Defendant's counsel has not received any communications from the Plaintiff since the Complaint was received. Defendant's counsel (and the Court) sent several mailing[s] to the address supplied by the Plaintiff in his initial court filings. None of these have been returned as undeliverable or undelivered. Plaintiff has never identified his phone number so Defendant's counsel has not been able to contact Plaintiff by phone.

## **Discussion**

Rule 41(b), Fed.R.Civ.P., authorizes a Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4)

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006). See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]; Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Defendant represents to the Court that the Plaintiff has failed to respond to mailings from the Defendant and has further refused to appear for his deposition. Plaintiff has also otherwise acted in a dilatory fashion by failing to comply with the directives and deadlines set forth in the scheduling order in this case, failing to move for any continuances or to re-schedule his deposition, or to communicate with the Defendant in any way. As noted, Plaintiff has also failed to respond to Defendant's representations in its motion or to dispute these representations in any way. Therefore, Plaintiff clearly meets the first and third prongs of the Fourth Circuit's four prong test.

While the Plaintiff has engaged in the conduct described herein, the continuation of this action for now well over eleven (11) months has caused the Defendant to incur continuing costs and expenses associated with this lawsuit. Further, Plaintiff's failure to cooperate in discovery has prejudiced the Defendant's ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four part test.

As for the fourth prong of the Fourth Circuit's four part test, the record in this file



shows that Plaintiff has failed to respond to notices received from the Defendant, has failed to appear to give testimony in his case, has failed to respond to motions, and has failed to even communicate with the parties or with the Court in this action. Further, in the motion filed by the Defendant, Plaintiff was specifically put on notice that the Defendant was seeking dismissal as a sanction for his conduct. However, he has failed to respond to this motion, nor has he responded to the Court's Roseboro order, in which he was specifically advised that if he failed to adequately respond to the Defendant's motion, his case might be dismissed. Plaintiff has also apparently failed to pursue any discovery on his own behalf. In summary, Plaintiff has failed to effectively prosecute this case in any real sense.

The undersigned is mindful of the fact that the Plaintiff is proceeding pro se; however, although the federal courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. Ballard v. Carlson, supra; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). In Ballard, the pro se complaint was dismissed with prejudice for failure to obey a court order despite a warning from the Court that failure to comply may result in dismissal. The Fourth Circuit upheld the dismissal. Id., at 95-96. In Zaczek v. Fauquier County, et. al., 764 F.Supp. 1074 (E.D. Va. 1991) aff'd, 16 F.3d 414 (4th Cir. 1993), the District Court dismissed the pro se state prisoner's § 1983 claim for the Plaintiff's willful disregard of the Court's warnings to cease his abusive motions practice or else have his case dismissed. The Court noted that the Plaintiff was repeatedly warned that the complaint would be dismissed if he did not obey the orders of the Court. Id. at 1080; see also Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); cf. Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40-41 (4th Cir.



1995) [noting that "this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]. Here, even though Plaintiff was specifically placed on notice that his case could be dismissed if he did not take at least some action in response to the motion filed by the Defendant, he has failed to respond or to take action of any kind.

Nevertheless, in considering whether sanctions less drastic than a dismissal with prejudice exist, and in light of Plaintiff's pro se status, an option other than outright dismissal presents itself. First, in an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff the need for him to cooperate in this litigation and to comply with the Court's orders and the rules of this Court, a monetary penalty could be considered by the Court. Whether the actual assessment to the Plaintiff of costs and fees would result in a change in his behavior is unknown; however, through the payment of fees and costs, the Plaintiff may be able to sufficiently demonstrate to the Court that he will in the future comply with this Court's rules to allow this case to proceed, while at the same time allowing the Defendant to recoup some of the losses it has incurred as a result of Plaintiff's actions to date. If this option is accepted by the Court, the Defendant should be required to submit an affidavit of fees and costs incurred as a result of Plaintiff's conduct, including costs and fees incurred as a result of having to file motions and briefs because of this conduct, within ten (10) days of any order of the Court adopting this Report and Recommendation. Plaintiff could submit any objections he may have to the amount of fees and costs requested, with the Court then entering a final order setting the proper amount due.

5



In the event such payment is then made, Defendant's motion to dismiss this case as a sanction for Plaintiff's conduct should be denied, with a new deadline set for Plaintiff's compliance with discovery in this case and to sit for a deposition. However, in the event Plaintiff fails to timely remit payment, the Defendant's motion should be granted, and this action should be dismissed with prejudice. See Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning].

Finally, before proceeding as set forth hereinabove, Plaintiff should be required to advise the Court that he does in fact want to continue to pursue this matter. Therefore, if Plaintiff fails to respond to this Report and Recommendation, either by way of objections or at least as an acknowledgment that he wishes to continue to pursue this case, then instead of allowing a sanction less drastic than dismissal, the Defendant's motion should be granted, and this case dismissed. Knox v. State of South Carolina, No. 05-3236, 2006 WL 2345936 (D.S.C. Aug. 10, 2006); Hucks v. Allstate Ins. Co., No. 04-23336, 2006 WL 2243148 (D.S.C. Aug. 4, 2006).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 27, 2007



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7